UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARYL WAYNE MCNEELY, | No. 2:17-cv-00335-KJM-KJN |
| Plaintiff, | |
| v. | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff Daryl Wayne McNeely seeks judicial review of a final decision by the Commissioner of Social Security ("Commissioner") denying his Supplemental Security Income under Title XVI of the Social Security Act. On December 20, 2017, plaintiff filed a motion for summary judgment, arguing that the decision of the Administrative Law Judge ("ALJ") is based on legal error and is not supported by substantial evidence in the record. ECF No. 20. The Commissioner opposed plaintiff's motion and filed a cross-motion for summary judgment on January 10, 2018. ECF No. 23. On August 13, 2018, the magistrate judge filed findings and recommendations granting summary judgment to the Commissioner. Findings & Recommendations ("Findings"), ECF No. 26. Plaintiff filed objections to the findings and recommendations, ECF Nos. 27, 28, and the Commissioner responded, ECF No. 29.

/////

1

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having reviewed the file, the court finds that the findings and recommendations are supported by the record and the proper analysis, except with respect to the finding that the ALJ did not err or, in the alternative, committed a harmless error, when she found plaintiff could perform past relevant work. Findings at 14–15. Accordingly, the court declines to adopt the findings and recommendations and remands the matter to the Commissioner for rehearing consistent with this order.

I. THE ALJ ERRED BY MISCHARACTERIZING PAST WORK

In his findings and recommendations, the magistrate judge recommends granting defendant's motion for summary judgment, affirming the ALJ's finding that plaintiff is "capable of performing his past relevant work" under step four of the ALJ's disability analysis, and is therefore not disabled within the meaning of 20 C.F.R. § 416.920. Findings at 14; *see also* Administrative Transcript (AT), ECF No. 13-3 at 32 (citing 20 C.F.R. § 416.920). The magistrate judge notes, "[p]ast relevant work is work [1] that [the claimant has] done within the past 15 years, [2] that was *substantial gainful activity*, and [3] that lasted long enough for [the claimant] to learn to do it." Findings at 14 (citing 20 C.F.R. § 416.960(b)(1)) (emphasis added). He then finds that the ALJ could reasonably conclude plaintiff's work as a hand packager qualifies as past relevant work. *Id.* at 14.

Plaintiff argues that his work as a hand packager cannot be considered past relevant work, because it was not "substantial gainful activity" under 20 C.F.R. § 416.974. Objs. to Findings & Recommendations, ECF No. 27 at 5–6.

The regulation plaintiff cites defines an "unsuccessful work attempt" as work that the claimant performed for a period of six months or less, that occurs after a period of unemployment due to claimant's impairment, and that ends because of plaintiff's impairment or because special conditions[1] are removed. 20 C.F.R. § 416.974(c)(1)–(3). An "unsuccessful work

---

[1] "Special conditions" are accommodations or unique circumstances that allow an individual to perform certain work. *See* 20 C.F.R. § 416.973(c) ("The work you are doing may be done under special conditions that take into account your impairment, such as work done in a sheltered workshop or as a patient in a hospital."). Examples of special conditions include being allowed to

2

attempt" is not considered a substantial gainful activity for the purposes of qualifying an applicant's past work activities as "past relevant work." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1221 n.1 (9th Cir. 2009) (concluding that, because plaintiff's stint as a grocery clerk was "an unsuccessful work attempt," it did not amount to "substantial gainful activity" and therefore "cannot be considered 'past relevant work'") (citing 20 C.F.R. § 404.1560(b)(1)); *see also* § 416.974(c)(1) ("[W]ork you have done will not show that you are able to do substantial gainful activity if, after working for a period of 6 months or less, you were forced by your impairment to stop working . . . .").

According to plaintiff, because he only performed the hand packaging work for slightly over a month and quit because of his impairments, that work was instead an "unsuccessful work attempt" under 20 C.F.R. § 416.974(c). *Id.* The Commissioner argues that the record does not support plaintiff's contention that he quit the hand packaging job due to his disability, because he had not yet claimed a disability at that time. Def.'s Mot. Summ. J., ECF No. 23 at 24 n.10. The record is not entirely clear on this point; plaintiff testified that he left the job because he "just . . . couldn't handle it," but later elaborated that living very far from the job made it difficult to sustain. AT at 59–60. Neither the magistrate judge nor the ALJ address whether the short duration of plaintiff's work as a hand packager and his reasons for leaving the job render the work an "unsuccessful work attempt" rather than "substantial gainful activity." *See* Findings at 15.

II.     THE ERROR IS NOT HARMLESS

The magistrate judge finds that, "even if the ALJ erred in finding plaintiff was capable of past relevant work, any error would be harmless," because "even if the ALJ had continued to step five of the sequential evaluation, she would have still concluded that plaintiff was not under a disability." Findings at 15 (citing *Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995); 20 C.F.R. § 416.969). The court disagrees. The ALJ's finding that plaintiff is not under a disability hinges on her conclusion that "the claimant is able to perform . . . past relevant work of

---

work irregular hours or take frequent rest periods, or being provided with special equipment. 20 C.F.R. § 416.973(c)(2)–(3).

3

hand packager as actually performed by the claimant and as generally performed in the regional and national economy." AT 32. The ALJ did not find that either of plaintiff's other two previous occupations were appropriate for plaintiff, given his age, education, work experience, and residual functional capacity. AT at 32. The ALJ did not address step five: "whether the claimant is able to do any other work considering his residual functional capacity, age, education, and work experience." AT at 18 (citing C.F.R. § 416.960(g); *id.* at 32–33. The magistrate judge merely assumes that, because of the vocational expert's testimony on the subject, the ALJ would still have concluded that plaintiff was not under a disability. Findings at 15. The court cannot affirm the ALJ's decision on a ground she did not invoke in making her decision. *See Bray*, 554 F.3d at 1225–26 ("Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking.") (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947)); *Pinto v. Massanari*, 249 F.3d 840, 847 (9th Cir. 2001) ("[W]e cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision."). The ALJ's error in finding plaintiff capable of performing "past relevant work" is not harmless, particularly because, if the ALJ had proceeded to step five of the disability analysis, the burden would have shifted to the Commissioner to show the claimant has the capacity to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *cf. Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) ("[T]he court will not reverse an ALJ's decision for harmless error, which exists when it is clear from the record that the ALJ's error was inconsequential to the ultimate nondisability determination.") (citations and internal quotation marks omitted).

Because the ALJ's conclusion at step four either was based on legal error or based on an undisclosed factual finding that the hand packaging job was not an "unsuccessful work attempt," the court DENIES Commissioner's motion for summary judgment. The court GRANTS plaintiff's motion for summary judgment to the extent plaintiff requests a rehearing on the issues of (1) whether plaintiff's work as a hand packager qualifies as an "unsuccessful work attempt," and, if so, (2) is "step five" satisfied, "does the claimant have the residual functional

capacity to perform any other work?" *Lester v. Chater*, 81 F.3d at 828 n.5. Pl.'s Mot. Summ. J. at 6 (requesting rehearing).

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed August 13, 2018 are not adopted;

2. The Commissioner's motion for summary judgment is DENIED, and plaintiff's motion for summary judgment is granted insofar as it requests a rehearing, *see* ECF No. 20 at 6; and

3. This matter is remanded to the Commissioner for rehearing on the specific issues outlined above. *See Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987) ("The decision whether to remand a case for additional evidence, or simply to award benefits is within the discretion of the court.").

DATED: January 24, 2019.

_____
UNITED STATES DISTRICT JUDGE